UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

TONY D. JACKSON,

Petitioner,

v.

JAMES H. BRUTON, Warden,

Respondent .

Civil No. 00-2029 (DSD/ESS)

**ORDER**

Petitioner, a prisoner of the State of Minnesota, has filed a petition seeking habeas corpus relief under 28 U.S.C. § 2254. (Docket No. 1). His petition was accompanied by (i) an application seeking leave to proceed in forma pauperis, (IFP), (Docket No. 2), and (ii) a self-styled motion entitled "Motion To Place Habeas Corpus Petition, In Abeyance," (Docket No. 3). Those two collateral matters are now before the Court.

1. The IFP Application

Based on the representations Petitioner has made in his IFP application, the Court finds that he is indigent. He will therefore be allowed to proceed IFP in this matter, as provided by 28 U.S.C. § 1915(a).

2. Motion To Place Petition "In Abeyance"

One of the claims set forth in Petitioner's habeas corpus petition is a claim of ineffective assistance of appellate counsel. (Petition, [Docket No. 1], p. 5, ¶ 12.B.) It appears that Petitioner has never presented that claim to the Minnesota state courts, which means that he has not exhausted his state court remedies as to that claim, as required by 28 U.S.C. § 2254(b). Petitioner apparently recognizes that the inclusion of an

FILED SEP 06 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

unexhausted claim in his petition would cause it to be a "mixed petition," which would have to be summarily dismissed pursuant to Rose v. Lundy, 455 U.S. 509 (1982). In an effort to avoid such a disposition, Petitioner is asking that all further proceedings in this case be stayed, or held in abeyance, while he returns to the state courts to exhaust his claim of ineffective assistance of appellate counsel. Petitioner apparently believes that if this action is dismissed, rather than stayed, the statute of limitations (28 U.S.C. § 2244(d)) will prevent him from filing a new, post-exhaustion, habeas petition.

Petitioner's motion to hold his petition in abeyance must be denied, because the Court lacks the authority to stay a habeas action for the purpose of allowing a state prisoner to exhaust a previously unexhausted claim. Victor v. Hopkins, 90 F.3d 276, 282 (8th Cir. 1996), cert. denied, 519 U.S. 1153 (1997); Carmichael v. White, 163 F.3d 1044, 1045 (8th Cir. 1998). The only options available to Petitioner are the two that were identified by the Supreme Court in Rose v. Lundy: (1) dismissal of the mixed petition (without prejudice) followed by a return to the state courts to exhaust the previously unexhausted claim(s), or (2) submission of a new petition that includes only previously exhausted claims. Victor, 90 F.3d at 282. Petitioner will have to choose one of those two options here; abeyance is simply not an available choice. Id.

Petitioner's concerns about the statute of limitations are well-founded, but they do not change the Court's conclusion. Petitioner should note, however, that if he elects to bring his ineffective assistance claim in a post-conviction motion, the statute of limitations will be tolled during the entire period of time that he is pursuing a "properly filed" state post-conviction action. 28 U.S.C. § 2244(d)(2). See also Mills v. Norris, 187 F.3d 881,

883-84 (8th Cir. 1999). Therefore, if the present habeas action is immediately dismissed without prejudice, Petitioner should be able to exhaust his post-conviction remedies, and still file a timely federal habeas petition, (if necessary). If Petitioner elects to go that route, he will undoubtedly have to watch the timing of his various state and federal proceedings very carefully, because he apparently does not have much time left on his one-year limitations period. That problem, however, is one that Petitioner has created for himself by not pursuing his state and federal legal remedies more diligently. The Court cannot solve that problem for Petitioner by holding his petition in abeyance while he attempts to exhaust his previously unexhausted claim(s). Our Court of Appeals clearly foreclosed that option by its decisions in Victor and Carmichael.[1]

Petitioner will be given twenty days to decide how he wants to proceed in this matter. If he wants to voluntarily dismiss this action without prejudice, and pursue post-conviction relief in the state courts, he must file a notice of voluntary dismissal within twenty days. If he wants to file an amended petition setting forth only those claims that he believes are fully exhausted, he must do that within twenty days. If Petitioner does not exercise either of those two options within twenty days, then the Court will review

---

[1] Petitioner might have a bit more time available to him than he may think. If the Minnesota Supreme Court entered a final decision in Petitioner's direct appeal on August 25, 1999, (as indicated in the petition), then Petitioner's judgment of conviction did not become final, for statute of limitations purposes, until 90 days thereafter, i.e. until November 23, 1999. See Smith v. Bowersox, 159 F.3d 345 (8th Cir. 1998) (state criminal convictions not final for statute of limitations purposes until the expiration of the deadline for seeking certiorari review in the U.S. Supreme Court), cert. denied, 525 U.S. 1187 (1999). It therefore appears that the statute of limitations in this case will not expire until November 23, 2000 – and again, the statute will not run during the days when Petitioner has a properly filed post-conviction motion pending in the state courts.

or whether Respondent should be required to respond to it.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), is GRANTED;

2. Petitioner's "Motion To Place Habeas Corpus Petition In Abeyance," (Docket NO. 3), is DENIED; and

3. Within twenty days after the date of this order, Petitioner shall file either (a) a notice stating his intent to voluntarily dismiss this action without prejudice, or (b) an amended habeas corpus petition; and if he does neither, the Court will assess and decide whether this action should be allowed to go forward on the basis of the original habeas corpus petition.

Dated: September 6, 2000

E.S. SWEARINGEN
United States Magistrate Judge